IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LOWE'S HOME CENTERS, INC., )<br>LOWE'S COMPANIES, INC. )<br>)<br>        Defendant. )<br>_____) | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (hereafter the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Norman Neff who was adversely affected by such practice. The Commission alleges that Defendant failed to provide Mr. Neff with a reasonable accommodation, thereby exacerbating his overuse injuries and causing him emotional distress, all in violation of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(A), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Employer, Lowe's Home Center's Inc., Lowe's Companies, Inc. (hereinafter referred to as "Employer" "Defendant" or "Lowe's") d/b/a Lowe's was doing business in the State of Tennessee and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117, which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Norman Neff filed a charge with the Commission alleging that Defendant engaged in employment practices at Lowe's in violation of the Americans with Disabilities Act. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since on or about April 2005, Defendant Employer has engaged in unlawful employment practices at its Knoxville, Tennessee, facility in violation of ADA Sections 102(a), and (b)(5), 42 U.S.C. §12112(a) and (b)(5). These unlawful practices include failure to provide a reasonable accommodation to Norman Neff because of his disability.

9. Norman Neff is a qualified individual with a disability under the Americans with Disabilities Act.

10. Mr. Neff has paraplegia and has used a manual wheelchair since 1998.

11. The operation of the manual wheelchair has caused overuse injuries in Mr. Neff's arms, shoulders, and wrists.

12. In March 2005, Mr. Neff applied for a position with Lowe's and was hired.

13. Lowe's hired Mr. Neff to work as a telephone operator three days per week for approximately five hours per day.

14. Mr. Neff uses a service dog that he has trained to assist him with mobility and to help maintain his independence.

15. The dog has learned to pull Mr. Neff's wheelchair, to retrieve his wheelchair after he uses the bathroom, to help him travel from home to the bus stop

and from the bus stop to work, and to stay quietly at Mr. Neff's feet when the dog's services are not required.

16. Mr. Neff sought to take the service dog with him to Lowe's to assist him.

17. On or around April 2, 2005, Mr. Neff requested that Lowe's allow him to bring the service dog to work as a reasonable accommodation to assist him because of his overuse injuries.

18. Lowe's denied Mr. Neff's request to bring his service dog to work on or about April 5, 2005.

19. Lowe's stated that it was denying Mr. Neff's request because "there was no relationship between request of accommodation and being able to perform essential job functions."

20. Mr. Neff appealed Lowe's denial of his request to both the management of Lowe's Knoxville, Tennessee facility and Lowe's corporate human resources department. Mr. Neff explained to Lowe's that the service dog helped him with his mobility, helped him travel to and from the bus stop, the restroom, breakroom, or to lunch. In addition, he explained that the dog helped him up the hill to his home and to the public bus stop. He also explained that the dog helped him to get his wheelchair.

21. Mr. Neff advised Lowe's that his service dog allowed him to remain independent.

22. Mr. Neff advised Lowe's that not being allowed to have his service dog at work caused him to hurt at home and at work.

23. Lowe's denied all of Mr. Neff's requests to have his service dog in the workplace.

24. Mr. Neff also suffered emotional harm due to Defendant's failure to accommodate his disability.

25. The unlawful employment practices complained of above were and are intentional violations of the Americans with Disabilities Act of 1990.

26. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Norman Neff in violation of the Americans with Disabilities Act of 1990.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to provide a reasonable accommodation or engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals without regard to disability, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Norman Neff by providing a reasonable accommodation, appropriate damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Norman Neff by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of above, including emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

  E. Order Defendant to pay Norman Neff punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

*/s/ Steven Dills (with permission)*
STEVEN DILLS
Senior Trial Attorney
TN Bar No. 11970

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-5784